EXCEL ENERGY COMPANY, INC., *et al.*, Plaintiffs-Appellees, v. DEAN PITTMAN, d/b/a 3PPP Enterprises, Defendant-Appellant.

Fourth District    No. 4—92—0344

Opinion filed December 4, 1992.—Rehearing denied February 2, 1993.

Randy E. Blue, of Springfield, for appellant.

Robert B. Goldman, of Springfield, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Dean Pittman, d/b/a 3PPP Enterprises, appeals from an order of the trial court denying the defendant's motion to quash service of process. The plaintiffs, Excel Energy Company and Clipper Oil Company, Inc., filed a three-count complaint against the defendant, alleging breach of warranty and violations of the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1991, ch. 121½, par. 261 *et seq.*). On appeal, the defendant argues that the plaintiffs failed to establish any basis for the courts of Illinois to exercise jurisdiction over the defendant where the defendant has neither transacted business nor committed a tortious act within this State. For the following reasons, we reverse the order of the trial court and remand with directions to dismiss the suit for lack of personal jurisdiction over the defendant.

Gary Billingsley, president of the plaintiff corporations, filed a three-count complaint against the defendant on October 7, 1991. The plaintiffs are Illinois corporations, and the defendant is a sole proprie-

torship with its principal place of business in Moore, Oklahoma. Count I of the complaint alleged breach of warranty by the defendant in a sale of a piece of oil field equipment to the plaintiffs on October 3, 1990. Counts II and III allege violations of the Act in the sale of a gas compressor by the defendant on March 26, 1991.

The defendant was served with process in Oklahoma on October 23, 1991. The defendant filed a special and limited appearance to contest jurisdiction (Ill. Rev. Stat. 1991, ch. 110, par. 2—301) and a verified motion to quash service of process. The defendant contended that he had not submitted himself to the jurisdiction of the courts of Illinois. In support, the defendant listed the following facts: his sole place of business is Moore, Oklahoma; he does not have an office, employees, or agents in Illinois; he has never been to Illinois; plaintiffs took delivery of the equipment in Oklahoma; and, on information and belief, the plaintiffs made the telephone call seeking to purchase the equipment from Houston, Texas.

The plaintiffs filed a counteraffidavit to the defendant's motion to quash. Billingsley asserted that he contacted the defendant about purchasing the equipment in response to an advertisement in *Oiltzer*. *Oiltzer* is a magazine of general national circulation. The plaintiffs also attached a list of telephone calls to their affidavit. The plaintiffs alleged that these calls were made to the defendant about the equipment sold to the plaintiffs. The phone calls were for the purpose of discussing the purchase and repair of the equipment. The plaintiffs further alleged that the defendant sent a repair person to Illinois in July 1991, to attempt to repair the problems the plaintiffs had experienced with the machinery.

Following a hearing, the circuit court denied the defendant's motion. The court entered a written order on March 30, 1992, setting forth that jurisdiction over the defendant was proper under section 2—209 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—209) for the following reasons: (1) the defendant was aware that the equipment was to be used in Illinois; (2) the defendant responded to telephone calls placed from Illinois by the plaintiffs; and (3) the defendant sent a repair person to Illinois. The defendant's appeal followed.

The defendant argues on appeal that personal jurisdiction was not established because he neither transacted business in Illinois nor committed a tortious act in Illinois. The defendant also argues that the exercise of jurisdiction would not be constitutionally permissible. The plaintiffs argue on appeal that jurisdiction over the defendant is proper under any one of three theories: (1) the defendant transacted

business within the State of Illinois (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(a)(1)); (2) the defendant committed a tortious act within the State of Illinois (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(a)(2)); or (3) the exercise of jurisdiction is constitutionally permissible (Ill. Rev. Stat. 1991, ch. 110, par. 2—209(c)). The plaintiffs only pay lip service to the first theory and primarily argue that jurisdiction is permissible under section 2—209(a)(2) of the Code because the defendant committed the tort of misrepresentation within the State of Illinois and that the exercise of jurisdiction meets the due process standards of the United States and Illinois Constitutions. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.

■ The assertion of personal jurisdiction over a nonresident defendant must satisfy the requirements of due process as well as those of the long-arm statute. (*R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 489 N.E.2d 1360.) It is unnecessary to determine whether the requirements of the long-arm statute have been met when the due process clause bars any exercise of jurisdiction over the defendant. (*Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc.* (1991), 213 Ill. App. 3d 675, 572 N.E.2d 353.) The burden on the party asserting jurisdiction under the long-arm statute is to make a *prima facie* showing that jurisdiction exists under the statute; on review, the appellate court must determine whether the plaintiff met its burden of proof. (*Aetna Casualty & Surety Co. v. Crowther, Inc.* (1991), 221 Ill. App. 3d 275, 581 N.E.2d 833.) The long-arm statute has been amended recently to provide that the Illinois courts can exercise personal jurisdiction on any basis permitted by the United States and Illinois Constitutions. See Ill. Rev. Stat. 1991, ch. 110, par. 2—209(c).

■ We do not believe that the plaintiffs have sufficiently proved jurisdiction on the basis of either transaction of business within Illinois or the commission of a tortious act within Illinois, but our resolution of the due process issue would make a discussion of those issues irrelevant. Due process requires that a nonresident defendant have certain minimum contacts with the forum State such that maintenance of the suit there does not offend " 'traditional notions of fair play and substantial justice.' " (*International Shoe Co. v. State of Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, quoting *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343.) The following three criteria are examined to determine whether a court's jurisdiction over a nonresident defendant satisfies due process: (1) whether the nonresident defendant had "minimum contacts" with the forum State such that he had

"fair warning" that he may be required to defend himself there; (2) whether the action arose out of or relates to the defendant's contacts with the forum; and (3) whether it is reasonable to require the defendant to litigate in the forum State. (*Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 472-78, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2181-85.) Additionally, the Illinois Supreme Court stated in *Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 565 N.E.2d 1302, that the Illinois Constitution's guarantee of due process requires that jurisdiction only be asserted when it is

> "fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins*, 141 Ill. 2d at 275, 565 N.E.2d at 1316.

■ We do not believe that any of the above criteria have been satisfied in this case. The minimum contacts and fair warning requirement is satisfied if the defendant either purposefully directed his activities at Illinois residents, reached out beyond one State to create continuing relationships with citizens of another State, or purposely derived benefits from his interstate activities. (*Ores v. Kennedy* (1991), 218 Ill. App. 3d 866, 578 N.E.2d 1139.) The defendant in this case did not purposefully direct his activities at Illinois residents. The plaintiffs found the advertisement for the equipment in a magazine, sought out the defendant and inquired about purchasing the equipment, and took delivery of the equipment in Oklahoma. The defendant took no actions purposefully directed at Illinois residents such that he would have fair warning that he would be hailed into court in Illinois.

The United States and Illinois Constitutions both require an exercise of jurisdiction over a nonresident defendant to be reasonable and fair in light of the defendant's acts connected to the forum State. We do not believe that it would be fair to require the defendant to litigate this case in Illinois. Illinois does not have any substantial interest in resolving this case that could not be adequately addressed by the Oklahoma courts. The plaintiffs chose to initiate a contact with a nonresident defendant, chose to do business in a foreign State, and chose to travel to Oklahoma to purchase the machinery. We do not believe that it would be consistent with due process to require the defendant to litigate this case in Illinois. The contacts listed in the trial court's order are not sufficient for the Illinois courts to exercise *in personam* jurisdiction over this defendant. The plaintiffs have failed to meet their burden of proof that jurisdiction exists over the defendant.

For the foregoing reasons, we reverse the order of the circuit court of Sangamon County which held that it had personal jurisdiction over the defendant, and remand the cause with directions that the complaint be dismissed.

Reversed and remanded.

GORMAN and HAASE, JJ., concur.