FREEMAN CAMPBELL, Plaintiff-Appellant, v. MADONNA MILLS *et al.*, Defendants (Mallory Buick, Defendant-Appellee).

Fifth District   No. 5—93—0044

Opinion filed May 13, 1994.

Daniel K. Juncker, of Belleville, for appellant.

Robert G. Raleigh, of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Freeman Campbell (plaintiff) appeals an order of the circuit court of Madison County dismissing his complaint against Mallory Buick (defendant) for lack of personal jurisdiction.

On or about December 30, 1990, Madonna Mills (Mills), an Illinois resident and employee of the Illinois Department of Transportation (IDOT), was in the parking lot of the IDOT facility in Collinsville. Mills' 1990 Buick would not start. Plaintiff, an Illinois resident and employee of the IDOT whose job it was to assist disabled motorists in Madison County, was dispatched to assist Mills. While plaintiff was bent over Mills' car attempting to jump-start it, he allegedly sustained a loss of hearing when an antitheft alarm system activated.

Mills had purchased the car from Mallory Buick, a Delaware corporation with its principal place of business in St. Louis, Missouri. The car that defendant sold to Mills contained an antitheft alarm system which was installed at defendant's dealership. Not only did Mills initiate contact with defendant, but all negotiations between

Mills and defendant were performed within Missouri, and the contract for sale of the car was executed within Missouri. Defendant maintains no places of business in Illinois.

On July 31, 1992, plaintiff filed a products liability action against, *inter alia*, defendant in the circuit court of Madison County. On September 2, 1992, defendant filed a special appearance and a motion to quash service of process and to dismiss for lack of personal jurisdiction, which was supported by the affidavit of Harold Kravin, corporate secretary of Mallory Buick. On November 13, 1992, plaintiff filed his second amended complaint. On November 30, 1992, defendant entered a special appearance and a motion to quash service of process and to dismiss for lack of personal jurisdiction, which was again supported by the affidavit of Harold Kravin. On December 4, 1992, the trial court granted defendant's motion. On December 21, 1992, plaintiff filed a motion to reconsider, which the trial court denied on January 15, 1993. On January 19, 1993, plaintiff filed his third amended complaint.

Plaintiff now appeals and presents the following issue for resolution: whether the trial court has personal jurisdiction over defendant pursuant to the Illinois long-arm statute (735 ILCS 5/2—209(a)(2) (West 1992)). We hold that it does not and therefore affirm the trial court.

Plaintiff contends that the trial court has personal jurisdiction over defendant because: (1) defendant has committed a tortious act within the State of Illinois sufficient to satisfy the long-arm statute (735 ILCS 5/2—209(a)(2) (West 1992)); and (2) subjecting defendant to personal jurisdiction does not violate the constitutional requirements of due process. Even assuming plaintiff is correct that defendant has committed a tortious act within Illinois, plaintiff must still show that subjecting defendant to personal jurisdiction is consistent with due process. In his brief, plaintiff asserts that subjecting defendant "to personal jurisdiction in Illinois does not violate the constitutional requirements of due process." Plaintiff reasons that because defendant "sold the car with the defective alarm to an Illinois resident for ultimate use in Illinois," it is therefore "reasonable and foreseeable to hold it answerable to Illinois for any damage or injury caused by defects in the auto alarm."

●1 We disagree. As plaintiff correctly states, two criteria must be satisfied in order for courts of this State to exercise personal jurisdiction over a nonresident defendant: (1) the requirements of the long-arm statute and (2) the requirements of due process. (*Excel Energy Co. v. Pittman* (1992), 239 Ill. App. 3d 160, 163, 606 N.E.2d 637, 639; *Gordon v. Tow* (1986), 148 Ill. App. 3d 275, 279, 498

N.E.2d 718, 721.) Where personal jurisdiction over a nonresident defendant is contested, the plaintiff bears the burden of establishing it by a preponderance of the evidence. (*Johnson v. Ortiz* (1993), 244 Ill. App. 3d 384, 388, 614 N.E.2d 408, 411.) Moreover, "[f]acts contained in an uncontested affidavit denying jurisdiction *** [must be] accepted as true." *Johnson*, 244 Ill. App. 3d at 388, 614 N.E.2d at 411.

In addition to the long-arm statute, the exercise of personal jurisdiction over a nonresident defendant must comport with both the fourteenth amendment due process clause (U.S. Const., amend. XIV) and the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). (*Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316; *Mors v. Williams* (N.D. Ill. 1992), 791 F. Supp. 739, 741.) Because the fourteenth amendment due process clause delineates the "outer limits" beyond which a State may not go to acquire jurisdiction over nonresidents (*Rollins*, 141 Ill. 2d at 271, 565 N.E.2d at 1314), we need not make a separate inquiry into the requirements of the Illinois Constitution's due process clause. We would only need to address the State constitutional issue if plaintiff was first able to satisfy the requirements of Federal due process.

■ ■ The appropriate standard for determining whether the Fourteenth amendment due process clause is satisfied is the minimum contacts test. As articulated by the United States Supreme Court in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, and its progeny, a defendant must have certain minimum contacts with the forum State so that the maintenance of a suit in that State does not offend " 'traditional notions of fair play and substantial justice.' " (*International Shoe Co.*, 326 U.S. at 316, 90 L. Ed. at 102, 66 S. Ct. at 158, quoting *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343; see also *Wiles v. Morita Iron Works Co.* (1988), 125 Ill. 2d 144, 149-52, 530 N.E.2d 1382, 1385-86 (discussing Federal due process requirements); *Kinney v. Anchorlock Corp.* (N.D. Ill. 1990), 736 F. Supp. 818, 823 (same).) A cogent definition of what constitutes "minimum contacts" is provided in *Sackett Enterprises, Inc. v. Staren* (1991), 211 Ill. App. 3d 997, 1004, 570 N.E.2d 702, 706:

> "At a minimum, the court must find an act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. (*Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240.) The focus is on the defendant's activities within the forum State, not on those of the plaintiff. *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567."

The factors a court must look at in order to determine whether a defendant has sufficiently transacted business in Illinois so as to avail himself of the benefits of Illinois law are: (1) who initiated the transaction; (2) where the contract was entered into; and (3) where the performance of the contract was to take place. Although no single factor has been held to be controlling, each of them has been held to be significant. (*Gordon*, 148 Ill. App. 3d at 280-81, 498 N.E.2d at 722; see also *Ideal Insurance Agency, Inc. v. Shipyard Marine, Inc.* (1991), 213 Ill. App. 3d 675, 680-81, 572 N.E.2d 353, 357.) In the instant case, all three factors cut against jurisdiction. First, it was Mills who initiated contact with the defendant. Second, all negotiations between Mills and defendant were conducted in Missouri. Third, the contract for the sale of the car was executed within Missouri. Lastly, performance of the contract (*i.e.*, payment and delivery) occurred in Missouri.

It is thus apparent that defendant's "contacts" with Illinois do not rise to the minimum contacts required by the fourteenth amendment to invoke personal jurisdiction. Plaintiff erroneously premises jurisdiction upon defendant's act of selling an automobile to Mills that ultimately ended up in Illinois. According to plaintiff, it is therefore "reasonable and foreseeable to hold [defendant] answerable to Illinois for any damage or injury caused by defects in the auto alarm." However, "the fact that it is foreseeable that a defendant's activities might cause injury in the forum State is not a sufficient basis upon which to predicate personal jurisdiction." (*Dunaway v. Fellous* (1993), 155 Ill. 2d 93, 101, 610 N.E.2d 1245, 1249, citing *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567; see also *Kinney*, 736 F. Supp. at 826.) In *Loos v. American Energy Savers, Inc.* (1988), 168 Ill. App. 3d 558, 562, 522 N.E.2d 841, 844, the appellate court stated:

> "[A] defendant's mere awareness that the stream of commerce may cause his product to enter the forum State does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum State. [Citation.]"

The instant case is factually similar to the case of *Excel Energy Co. v. Pittman* (1992), 239 Ill. App. 3d 160, 606 N.E.2d 637. In *Pittman*, plaintiffs (two Illinois corporations) filed suit in Illinois against defendant (a sole proprietorship with its principal place of business in Oklahoma), alleging breach of warranty and violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121$^1$/$_2$, par. 261 *et seq.*) in connection with the sale of oil and gas equipment. Defendant moved to quash service of process, and

the trial court denied the motion. On appeal, the plaintiff argued that jurisdiction over the defendant was proper because: (1) defendant transacted business within the State of Illinois (735 ILCS 5/2—209(a)(1) (West 1992)); (2) defendant committed a tortious act within the State of Illinois (735 ILCS 5/2—209(a)(2) (West 1992)); and (3) the exercise of jurisdiction was constitutionally permissible under the "catch-all" provision of the long-arm statute (735 ILCS 5/2—209(c) (West 1992)). The court in *Pittman* rejected plaintiffs' arguments and reversed the trial court, holding that it would be inconsistent with due process to require the defendant to litigate the case in Illinois. In so holding, the *Pittman* court noted that plaintiffs "chose to initiate a contact with a nonresident defendant, chose to do business in a foreign State, and chose to travel to Oklahoma to purchase the machinery." *Pittman*, 239 Ill. App. 3d at 164, 606 N.E.2d at 640.

Likewise, we do not believe that it would be consistent with due process to require the defendant to litigate this case in Illinois. Plaintiff has failed to carry his burden of demonstrating a valid basis for exercising personal jurisdiction over the defendant. If plaintiff wishes to have his day in court with defendant, he will have to do so in a Missouri court.

For the aforementioned reasons, the judgment of the circuit court of Madison County is hereby affirmed.

Affirmed.

LEWIS, P.J., and RARICK, J., concur.