# Illinois Official Reports

## Appellate Court

*Graver v. Pinecrest Volunteer Fire Department*, 2014 IL App (1st) 123006

| | |
|---|---|
| Appellate Court Caption | PAUL GRAVER, d/b/a First Government Lease Company, Plaintiff-Appellee, v. PINECREST VOLUNTEER FIRE DEPARTMENT, a/k/a Pinecrest Volunteer Fire Department, Inc., a Foreign Not-for-Profit Corporation, Defendant-Appellant (Jerry Moat, a/k/a Gerald H. Moat, Individually, Defendant). |
| District & No. | First District, First Division<br>Docket No. 1-12-3006 |
| Filed | January 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging a breach of plaintiff's agreement to lease a fire truck to defendant volunteer fire department, the appellate court reversed in part the trial court's judgment which denied the department's motion to vacate the default judgment against the department for lack of personal jurisdiction, since the department's chief and treasurer had no authority to execute the agreement with plaintiff on behalf of the department, there was no valid contract between the department and plaintiff, and without a valid contract, there were no contacts between the department and the State of Illinois. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M2-573; the Hon. Jeffrey L. Warnick, Judge, presiding. |
| Judgment | Vacated in part and reversed in part. |

| Counsel on Appeal | Pretzel & Stouffer, Chtrd., of Chicago (Robert Marc Chemers and Philip G. Brandt, of counsel), for appellant. |
| | |
| | Paul Graver, of Northfield, appellee *pro se.* |

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
| | Presiding Justice Connors and Justice Hoffman concurred in the judgment and opinion. |

**OPINION**

¶ 1    On June 27, 2011, a default judgment was entered against defendant Jerry Moat, a/k/a Gerald H. Moat (Moat)[1], and defendant-appellant Pinecrest Volunteer Fire Department, a/k/a Pinecrest Volunteer Fire Department, Inc., a foreign not-for-profit corporation (Pinecrest VFD). On September 10, 2012, Pinecrest VFD filed a motion to vacate the default judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). The motion alleged that the default judgment should be vacated as to Pinecrest VFD because the trial court lacked personal jurisdiction over Pinecrest VFD, and Pinecrest VFD had a meritorious defense and exercised due diligence in bringing its motion to vacate. On September 24, 2012, the circuit court of Cook County partially granted the motion to vacate the default judgment, finding that Pinecrest VFD showed that it had a meritorious defense and had also shown due diligence. The trial court partially "denied without prejudice" the motion to vacate the default judgment as to Pinecrest VFD's argument on the lack of personal jurisdiction. Further, the trial court dismissed the case against Pinecrest VFD without prejudice. The trial court's order did not make a ruling on the matter regarding Moat.[2] Pinecrest VFD petitioned this court under Illinois Supreme Court Rule 306(a)(3) (eff. Feb. 16, 2011) for leave to appeal the trial court's September 24, 2012 order. This court granted Pinecrest VFD's petition for leave to appeal. On appeal, Pinecrest VFD argues that the trial court erred in partially denying its motion to vacate the default judgment because the court lacked personal jurisdiction over Pinecrest VFD. On appeal, Pinecrest VFD's only request for relief is that this court reverse the trial court's ruling which denied in part its motion to vacate the default judgment. For the following reasons, we vacate in part and reverse in part the judgment of the circuit court of Cook County.

---

[1]Moat is not a party to this appeal.

[2]The record suggests that the default judgment entered against Moat individually has not been challenged. The default judgment entered against Moat is not at issue in this appeal.

¶ 2                                            BACKGROUND

¶ 3        On or around April 11, 2011, plaintiff-appellee Paul Graver (Graver), d/b/a First
Government Lease Company (First Government), filed a complaint in the circuit court of
Cook County against defendant Moat and defendant-appellant Pinecrest VFD. In its
complaint, First Government alleged that it is a sole proprietorship, which is owned and
operated by Graver and is located in Northfield, Illinois. Moat and Pinecrest VFD are
Tennessee residents. In December 2008, Moat was the chief and treasurer of Pinecrest VFD.
The record suggests that Moat was also an officer of a company known as First Response of
Tennessee (First Response).[3] According to Pinecrest VFD, First Response was operated by
Moat in order to sell refurbished fire trucks and tanker trucks. First Government's complaint
alleges that Moat, on behalf of Pinecrest VFD, sought to purchase a tanker truck from First
Response. Essentially, Moat was orchestrating a transaction in which his fire department
(Pinecrest VFD) was to purchase a tanker truck from his company (First Response). First
Government agreed to finance First Response's sale of the tanker truck to Pinecrest VFD. On
December 13, 2008, First Government and Pinecrest VFD executed a lease agreement for the
tanker truck. Moat signed the lease agreement on behalf of Pinecrest VFD. The lease
agreement stated that Pinecrest VFD, for whom Moat claims to have purchased the tanker
truck, agreed to pay First Government 84 monthly installments in the amount of $1,612.38.
The lease agreement also contained a choice-of-law provision which states:

          "Lessee agrees to bring any judicial action arising directly or indirectly in connection
          with this agreement or any transaction covered hereby only in Courts located within
          Cook County, IL. Lessee also consents and submits to the jurisdiction of any State or
          Federal Court located within Cook County, IL. The choice of law shall be IL."

¶ 4        The record shows that Moat executed a personal guaranty contract as consideration for
the lease agreement. On December 16, 2008, First Government sent a check to Moat that was
payable to First Response in the amount of $80,000 for the sale of the tanker truck. First
Government's complaint alleges that Moat and Pinecrest VFD made 10 payments and then
defaulted on the lease agreement. First Government sent a notice of default to Pinecrest VFD
which stated that as of April 13, 2010, Pinecrest VFD's account was five months past due.
On March 9, 2011, First Government sent a letter to Moat proposing alternative methods of
payment for the outstanding balance. First Government claimed that the outstanding balance
at that time was $92,413.42. On April 20, 2011, the Campbell County sheriff's office
effectuated service on Moat in Tennessee. According to Pinecrest VFD, service was signed
for and accepted by Moat on behalf of Pinecrest VFD. On June 27, 2011, the circuit court of
Cook County entered a default judgment in favor of First Government and against Moat and
Pinecrest VFD in the amount of $92,413.24 plus costs and interest.[4]

¶ 5        On September 10, 2012, Pinecrest VFD filed a motion to vacate the default judgment
pursuant to section 2-1401 of the Code. In its motion, Pinecrest VFD argued that the default
judgment should be vacated because the trial court lacked personal jurisdiction over Pinecrest

_____

[3]The record does not disclose the place of incorporation for First Response.

[4]We note that the amount of the outstanding balance alleged in First Government's March 9, 2011
letter was $92,413.42, and the amount awarded by the trial court was $92,413.24.

VFD, and Pinecrest VFD had a meritorious defense and exercised due diligence in bringing its motion. Pinecrest VFD explained that its meritorious defense was that Moat fraudulently purchased his own tanker truck from First Response and fraudulently concealed his unauthorized action and behaved as though he was acting on behalf of Pinecrest VFD. Pinecrest VFD claimed that it was not aware that the tanker truck was purchased, and it never used the tanker truck for its benefit. Further, Pinecrest VFD claimed that Moat used the tanker truck as a "demo" model in furtherance of his own business activity with First Response.

¶ 6        Subsequently, First Government filed a response to Pinecrest VFD's motion to vacate the default judgment. First Government's response consisted of a two-sentence argument which stated, in pertinent part, "Illinois State Supreme Court Article II, 201 (C)(2)(L) states quite clearly that Graver is entitled to Discovery as a matter of due course." On September 24, 2012, the trial court partially granted Pinecrest VFD's motion to vacate the default judgment, finding that Pinecrest VFD showed a meritorious defense and due diligence. Additionally, the trial court partially "denied without prejudice" Pinecrest VFD's motion to vacate the default judgment as to its argument on the lack of personal jurisdiction. Further, the trial court ordered that the case against Pinecrest VFD was dismissed without prejudice. On October 18, 2012, Pinecrest VFD filed a motion for extension of time until November 28, 2012, to file a petition for leave to appeal. On October 29, 2012, this court granted Pinecrest VFD's motion for extension of time. On November 26, 2012, Pinecrest VFD filed its petition for leave to appeal pursuant to Rule 306. On December 7, 2012, this court granted Pinecrest VFD's petition for leave to appeal. On December 17, 2012, Pinecrest VFD filed a motion pursuant to Rule 306(c)(7) for its petition to stand as its brief on appeal. Therefore, Pinecrest VFD's brief was timely filed and this court has jurisdiction to consider Pinecrest VFD's arguments on appeal pursuant to Rule 306 and Rule 343 (Ill. S. Ct. R. 343 (eff. July 1, 2008)).

¶ 7                                              ANALYSIS

¶ 8        On appeal, we determine whether the trial court erred in partially denying Pinecrest VFD's motion to vacate the default judgment.

¶ 9        Pinecrest VFD argues that the trial court erred in partially denying its motion to vacate the default judgment because the trial court lacked personal jurisdiction over Pinecrest VFD. Pinecrest VFD asserts that section 2-209 of the Code (735 ILCS 5/2-209 (West 2010)), also known as the long-arm statute, sets forth the requirements for general and specific personal jurisdiction. Pinecrest VFD claims that the court did not have general personal jurisdiction over it because it is a nonresident corporation and did not have continuous and systematic business contacts with Illinois. Pinecrest VFD claims that it does not transact any business and is in no way present in Illinois. Pinecrest VFD contends that even if the single transaction that occurred in this case was enough for general personal jurisdiction, the lease agreement is void as to Pinecrest VFD because the agreement was fraudulently executed by Moat. Additionally, Pinecrest VFD argues that the trial court lacked specific personal jurisdiction because Pinecrest VFD did not have sufficient minimum contacts with Illinois and it could not have reasonably anticipated being haled into court in Illinois. Pinecrest VFD claims that it did not direct its activities at Illinois residents or purposefully derive benefits

from activities within Illinois. Pinecrest VFD contends that the only contact between it and Illinois was the lease agreement. However, Pinecrest VFD argues that it did not initiate the lease agreement, and did not know where the lease agreement was negotiated or formed. Also, Pinecrest VFD claims that it did not benefit from the lease agreement because Moat received $80,000 for the sale of the tanker truck and Pinecrest VFD received nothing.

¶ 10    Further, Pinecrest VFD argues that Moat did not have actual or apparent authority to enter into a contract on its behalf. Pinecrest VFD contends that it never gave Moat permission to enter into any contracts and never communicated to First Government that Moat possessed any such authority. Pinecrest VFD asserts that in order to prove apparent authority, "the proponent must show that (1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and agent, the third person reasonably concluded that the party was an agent of the principal; and (3) the third person justifiably and detrimentally relied on the agent's apparent authority." *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 326 Ill. App. 3d 126, 137 (2001). Pinecrest VFD argues that First Government is unable to establish that Moat satisfied any of the requirements for apparent authority because there is nothing in the record that shows that Pinecrest VFD consented to, or knowingly acquiesced in, Moat's exercise of authority. Pinecrest VFD claims that it was not even aware that Moat entered into the lease agreement until after the default judgment was entered. Also, Pinecrest VFD contends that there is nothing in the record that shows that First Government reasonably concluded that Moat was an agent of Pinecrest VFD. Pinecrest VFD asserts that First Government cannot point to any words or conduct of Pinecrest VFD that would cloak Moat with any authority whatsoever. Thus, Pinecrest VFD argues that Moat acted alone in executing the lease agreement and that Pinecrest VFD had no contact with Illinois. Accordingly, Pinecrest VFD argues that the trial court lacked personal jurisdiction over it. Pinecrest VFD requests that this court reverse the ruling of the trial court that denied in part its motion to vacate the default judgment.

¶ 11    In response, First Government argues that the trial court did not err in partially denying Pinecrest VFD's motion to vacate the default judgment because Pinecrest VFD was subject to the jurisdiction of the trial court. Specifically, First Government argues that the trial court had personal jurisdiction over Pinecrest VFD because Pinecrest VFD created significant contacts with Illinois by executing the lease agreement in Illinois and actively seeking out First Government, an Illinois resident. First Government claims that Pinecrest VFD faxed the lease agreement documents to Illinois, and the lease agreement was accepted in Illinois. Also, First Government claims that Pinecrest VFD mailed 10 payments to First Government before defaulting on the lease agreement. First Government points out that the lease agreement contained a choice-of-law provision in which the parties agreed that any judicial action arising from the lease agreement would be governed by the courts in Cook County, Illinois. Thus, First Government argues that Pinecrest VFD established significant contacts with Illinois.

¶ 12    Additionally, First Government argues that Moat had apparent authority to execute the lease agreement on Pinecrest VFD's behalf because he was the chief and treasurer of Pinecrest VFD. First Government asserts that the tanker truck is a large piece of equipment and Pinecrest VFD took no steps to return it. First Government claims that Pinecrest VFD's attempt to keep the tanker truck amounted to a ratification of the lease agreement. Therefore,

First Government argues that Pinecrest VFD executed a business transaction in Illinois and was subject to the personal jurisdiction of the trial court.

¶ 13 When seeking jurisdiction over a nonresident defendant, the plaintiff has the burden of establishing a *prima facie* case for jurisdiction. *Keller v. Henderson*, 359 Ill. App. 3d 605, 610-11 (2005). This court applies the *de novo* standard of review when the trial court decides the issue of personal jurisdiction solely on the basis of documentary evidence, as the trial court did in this case. *Id*. at 611. Section 2-209(c) of the Code states that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2010); *Keller*, 359 Ill. App. 3d at 612. Thus, Illinois courts have held that the long-arm statute is coextensive with the due process requirements of the Illinois and United States Constitutions. *Keller*, 359 Ill. App. 3d at 612. Additionally, section 2-209(c) of the Code provides an independent basis for exercising personal jurisdiction. *Id*. "If both the federal and Illinois due process requirements for personal jurisdiction have been met, the Illinois long-arm statute is satisfied and no other inquiry is required." *Id*.

¶ 14 In order for personal jurisdiction to comport with federal due process requirements, the defendant must have "minimum contacts" with the forum state such that maintaining the suit in the forum state does not offend "traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) *Id*. "The minimum contacts required for personal jurisdiction must be based on some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Bolger v. Nautica International, Inc.*, 369 Ill. App. 3d 947, 951 (2007) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "The purposeful availment requirement exists so that an 'alien defendant will not be forced to litigate in a distant or inconvenient forum solely as a result of random, fortuitous, or attenuated contacts or the unilateral act of a consumer or some third person.' " *Keller*, 359 Ill. App. 3d at 613 (quoting *Spartan Motors, Inc. v. Lube Power, Inc.*, 337 Ill. App. 3d 556, 561 (2003)).

¶ 15 Federal due process analysis requires a three-prong analysis in which the court considers whether: (1) the nonresident defendant had minimum contacts with the forum state such that there was fair warning that the defendant may be haled into court in the forum state; (2) the action arose from, or is related to, the defendant's contacts with the forum state; and (3) it is reasonable to require the defendant to litigate in the forum state. *Keller*, 359 Ill. App. 3d at 613. The "minimum contacts" requirement for personal jurisdiction is different depending on whether general or specific personal jurisdiction is sought. *Id*. If a court has general jurisdiction over a defendant, the defendant may only be sued where the defendant has continuous and systematic general business contacts with the forum state. *Id*. If a court has specific jurisdiction over a defendant, the defendant may only be sued if the suit arises from, or is related to, the defendant's contacts within the forum state. *Id*. In this case, the record shows that Pinecrest VFD is a Tennessee resident that has not had any contact with Illinois outside of the lease agreement at issue. Pinecrest VFD has not had continuous and systematic general business contacts with Illinois. Therefore, it was only possible for the trial court to possess specific personal jurisdiction over Pinecrest VFD. We will therefore limit our analysis to the specific personal jurisdiction issue.

¶ 16    A nonresident defendant's contract with an Illinois resident alone does not automatically establish the required minimum contacts. *Bolger*, 369 Ill. App. 3d at 952. Instead, in determining whether a defendant has purposefully availed himself of the benefits of Illinois law in forming the contract, the court considers the following factors: (1) who initiated the transaction; (2) where the contract was formed; and (3) where the contract was performed. *Id.* Further, a choice-of-law provision is relevant, but is not by itself a sufficient basis to determine jurisdiction. *Id.*

¶ 17    The authority of an agent can be either actual or apparent, and actual authority can be express or implied. *Cove Management v. AFLAC, Inc.*, 2013 IL App (1st) 120884, ¶ 23.

> " 'Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing–it is such authority as a reasonably prudent man, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess.' " *Id.* ¶ 24 (quoting *Wing v. Lederer*, 77 Ill. App. 2d 413, 417 (1966)).

An agent's apparent authority must be based on the words and acts of the principal and cannot be based on anything the agent has said or done. *Cove Management*, 2013 IL App (1st) 120884, ¶ 24. In order to prove apparent authority, it must be shown that: "(1) the principal *** knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and the agent, the third person reasonably concluded that the party was an agent of the principal; and (3) the third person justifiably and detrimentally relied on the agent's apparent authority." *Amcore Bank*, 326 Ill. App. 3d at 137.

¶ 18    A principal accepts a transaction through ratification when it learns of an unauthorized transaction and then retains the benefits of the transaction or takes a position inconsistent with non-affirmation. *Cove Management*, 2013 IL App (1st) 120884, ¶ 31. In order for ratification to occur, the principal must have full knowledge of the act and manifest an intent to be bound by the transaction. *Id.* A transaction may be ratified by surrounding circumstances, including long-term acquiescence, after notice, to the benefits of an allegedly unauthorized transaction. *Id.*

¶ 19    We agree with Pinecrest VFD's arguments. In this case, the record shows that it is clear that Pinecrest VFD did not have the sufficient minimum contacts with Illinois for the trial court to establish specific personal jurisdiction over it. Pinecrest VFD's lack of sufficient minimum contacts with Illinois is shown by Moat's lack of authority to enter into the lease agreement on behalf of Pinecrest VFD. The record on appeal contains an unrebutted affidavit of James Gross (Gross), the treasurer of Pinecrest VFD as of February 2012. In his affidavit, Gross swore to his personal knowledge of the lease agreement at issue in this case. Gross stated that Moat was the treasurer of Pinecrest VFD from 2004 until February 2012. During that time, Gross was the secretary of Pinecrest VFD. Gross stated that Moat never had the authority to negotiate or enter into a contract on behalf of Pinecrest VFD. Gross explained that any proposed expense of $25 or more has to be voted on by the board of directors for Pinecrest VFD. Gross stated that Moat never informed anyone at Pinecrest VFD about the purchase or lease of the tanker truck at issue. According to Gross, no one else at Pinecrest VFD was aware of the lease agreement until after the default judgment was entered in the trial court in Cook County. Thus, the record establishes that Pinecrest VFD never acquiesced in Moat's exercise of authority.

¶ 20    Moreover, in its brief on appeal, First Government does not point to any conduct by Pinecrest VFD that suggests that Moat had the authority to execute the lease agreement. There is nothing in the record that shows that Pinecrest VFD's board of directors, or any of its other agents, had any knowledge of the transaction or any contact whatsoever with First Government or the state of Illinois related to this contract. Thus, there were no words or conduct that would suggest to First Government that Moat had the authority to execute the lease agreement. We note that First Government argues that Pinecrest VFD ratified the purchase of the tanker truck because it took no steps to return the truck after the default judgment was entered. However, the ratification argument fails because it has not been shown that Pinecrest VFD had any knowledge of the lease agreement or manifested any intent to be bound by the agreement. See *Cove Management*, 2013 IL App (1st) 120884, ¶ 31. Since Pinecrest VFD never acquiesced in Moat's exercise of authority, and there were no acts by Pinecrest VFD that suggested that Moat had authority to execute the lease agreement, First Government is unable to establish that Moat had apparent authority to enter into the lease agreement that is the subject of this lawsuit.

¶ 21    Because Moat had no apparent authority to execute the lease agreement on behalf of Pinecrest VFD, there was no formation of a valid contract between First Government and Pinecrest VFD. Although Moat was able to bind himself to the terms of the lease agreement by executing a personal guaranty, he did not have the authority to bind Pinecrest VFD. Without a valid contract between First Government and Pinecrest VFD, there were absolutely no contacts between Pinecrest VFD and the state of Illinois. The record provides undisputed support for the conclusion that Pinecrest VFD did not initiate the lease agreement, had no part in performing under the agreement, and was not even aware of the existence of the agreement before the default judgment was entered. Thus, Pinecrest VFD in no way purposefully availed itself of the benefits of Illinois law. Accordingly, Pinecrest VFD did not have sufficient minimum contacts with Illinois for the trial court to establish personal jurisdiction over it. We hold that the trial court erred in denying in part Pinecrest VFD's section 2-1401 motion to vacate the default judgment.

¶ 22    We note that Pinecrest VFD's only request for relief in this case is that this court reverse the ruling of the trial court that denied in part its motion to vacate the default judgment based on lack of personal jurisdiction. It does not challenge the portion of the trial court's ruling that *granted* its motion to vacate the default judgment due to a meritorious defense and due diligence. Thus, Pinecrest VFD is essentially requesting that this court reverse *in part* the trial court's judgment. While we agree with Pinecrest VFD that the trial court's judgment must be reversed in part, we must also determine the effect of our reversal. It is well established in Illinois that if the trial court lacks personal jurisdiction over a party, any order entered against that party is void and may be attacked at any time. *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 367 (2001). Therefore, because the trial court lacked personal jurisdiction over Pinecrest VFD, the default judgment entered against Pinecrest VFD is void. Accordingly, we reverse in part the judgment of the trial court which denied Pinecrest VFD's section 2-1401 motion to vacate the default judgment for lack of personal jurisdiction, and we vacate the remainder of the trial court's judgment.

¶ 23    For the foregoing reasons, the judgment of the circuit court of Cook County is vacated in part and reversed in part.

¶ 24    Vacated in part and reversed in part.