No. 2--01--1015

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

SPARTAN MOTORS, INC.,        ) Appeal from the Circuit Court

                               ) of Kane County.

                                )

     Plaintiff-Appellee,        )

)

v.                              )  No. 00--L--523

                                )

LUBE POWER, INC.,               )

 ) 

Defendant-Appellant        )

                                )  Honorable
                      (Monarch Hydraulics, Inc.,      ) Gene L. Nottolini,

Defendant).              ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant Lube Power, Inc. (defendant or Lube Power), appeals from the circuit court's order that denied its motion to dismiss for lack of personal jurisdiction a complaint filed against it by plaintiff, Spartan Motors, Inc. (plaintiff or Spartan).  Defendant contends that it is not subject to personal jurisdiction in Illinois under the Illinois long-arm statute, section 2--209 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--209 (West 2000)) and federal due process standards.

The facts are not disputed.  Plaintiff and defendant are Michigan corporations with their principal places of business in Michigan.  Defendant sold plaintiff hydraulic pump assemblies.  It manufactured the pump assemblies at its facility in Michigan and delivered them to plaintiff at its facility in Michigan.  Plaintiff incorporated the pump assemblies into, among other things, fire truck chassis that it sold to customers throughout the United States and abroad.

In 1995, a fire engine chassis that plaintiff had sold to the Elgin fire department malfunctioned, injuring firefighter Wayne Sabatino.  Sabatino sued Spartan and another defendant that was apparently Spartan's local distributor.  Spartan, in turn, filed third-party actions against other parties, including Lube Power.  Sabatino v. Spartan Motors, Inc., No. 97--L--221 (Cir. Ct. Kane County).

After investigating the Elgin incident, Spartan decided that the cause of the accident was a defective solenoid in the pump assembly that Lube Power sold.  Spartan believed that the same defect was present in other products Lube Power provided and initiated a recall to replace the allegedly defective parts.  The recall was not limited to Spartan customers in Illinois.

Spartan then filed the present action against Lube Power in the circuit court of Kane County.  On Spartan's motion, the trial court consolidated the action with
 cause No. 97--L--221 (Sabatino).  That
 case was later settled.  In the present case, Lube Power filed a special and limited appearance and moved to dismiss the action for lack of personal jurisdiction.  Spartan responded and the trial court denied the motion to dismiss without conducting an evidentiary hearing.  Lube Power filed a petition for leave to appeal, which this court granted.  See 166 Ill. 2d R. 306(a)(3).

On appeal, Lube Power argues that it has done nothing to submit itself to the jurisdiction of Illinois courts in connection with this case and that requiring it to litigate in Illinois violates federal due process standards.  Spartan responds that Lube Power (1) transacted business, (2) committed two tortious acts, and (3) is "doing business" in Illinois, thus subjecting itself to personal jurisdiction here.

A plaintiff asking a court to assert jurisdiction over a nonresident defendant must demonstrate a 
prima facie
 case for jurisdiction.  
Zazove v. Pelikan, Inc.
, 326 Ill. App. 3d 798, 801-02 (2001); 
Kalata v. Healy
, 312 Ill. App. 3d 761, 765 (2000).  Where, as here, the trial court decides the jurisdictional issue solely on the basis of documentary evidence, appellate review is 
de novo
.  See 
Khan v. Van Remmen, Inc.
, 325 Ill. App. 3d 49, 53 (2001); 
Hendry v. Ornda Health Corp.
, 318 Ill. App. 3d 851, 852 (2000).  In deciding whether jurisdiction may be asserted over a nonresident defendant, courts evaluate whether jurisdiction is proper under the Illinois long-arm statute and whether jurisdiction would comport with constitutional due process standards.  
Khan
, 325 Ill. App. 3d at 53-54.

The long-arm statute permits an Illinois court to assert jurisdiction over a nonresident defendant who performs one of several enumerated acts in Illinois.  735 ILCS 5/2--209 (West 2000).  Section 2--209 provides, in relevant part:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to 
any cause of action arising from the doing of any such acts
:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

* * *

(b) A court may exercise jurisdiction in 
any action
 arising within or without this State against any person who:

* * *

(4) Is a natural person or corporation doing business within this State.

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

* * *

(f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a)."  (Emphasis added.)  735 ILCS 5/2--209 (West 2000).

Federal due process requires that, for a nonresident defendant to be subject to personal jurisdiction, the defendant must have certain "minimum contacts" with the forum state such that maintaining the suit there does not offend " 'traditional notions of fair play and substantial justice.' "  
International Shoe Co. v. Washington
, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting 
Milliken v. Meyer
, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940).  Those minimum contacts must be based on " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' "  
Asahi Metal Industry Co. v. Superior Court
, 480 U.S. 102, 109, 94 L. Ed. 2d 92, 102, 107 S. Ct. 1026, 1030 (1987), quoting 
Burger King Corp. v. Rudzewicz
, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 542, 105 S. Ct. 2174, 2183 (1985).  This requirement ensures that an alien defendant will not be forced to litigate in a distant or inconvenient forum solely as a result of random, fortuitous, or attenuated contacts or the unilateral act of a consumer or some other third person.  
Burger King Corp.
, 471 U.S. at 475, 85 L. Ed. 2d at 542, 105 S. Ct. at 2183.

A court conducting a federal due process analysis must consider whether (1) the nonresident defendant had "minimum contacts" with the forum state such that there was "fair warning" that the nonresident defendant may be hailed into court there; (2) the action arose out of or related to the defendant's contacts with the forum state; and (3) it is reasonable to require the defendant to litigate in the forum state.  
Burger King Corp.
, 471 U.S. at 471-77, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-84; 
Kalata
, 312 Ill. App. 3d at 768-69.

The "minimum contacts" and "fair warning" requirements are satisfied if the defendant has purposefully directed its activities at Illinois residents, reached out beyond one state to create continuing relationships with citizens of another state, or purposefully derived benefits from its activities within the forum state.  
Alderson v. Southern Co.
, 321 Ill. App. 3d 832, 857 (2001); see 
Pilipauskas v. Yakel
, 258 Ill. App. 3d 47, 56 (1994).

The meaning of the "minimum contacts" standard depends upon whether the forum asserts "general" or "specific" jurisdiction. General jurisdiction refers to suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has carried on its activities in the forum state with "a fair measure of permanence and continuity, not occasionally or casually."  
Hendry
, 318 Ill. App. 3d at 853.  Once a defendant is determined to be "doing business" in Illinois under section 2--209(b)(4) of the Code, the defendant is deemed to be a resident who is subject to the circuit court's general jurisdiction and may be sued on causes of action both related and unrelated to its Illinois activities.  
Alderson
, 321 
Ill. App. 3d
 at 849.

Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum."  
Helicopteros Nacionales de Colombia, S.A. v. Hall
, 466 U.S. 408, 414 n.8, 80 L. Ed. 2d 404, 411 n.8, 104 S. Ct. 1868, 1872 n.8. (1984).  In specific jurisdiction cases, the action must directly arise out of the contacts between the defendant and the forum.  
Alderson
,  321 Ill. App. 3d at 857.  Section 2--209(a) of the Code enumerates several acts that confer specific jurisdiction over defendants in these cases.  735 ILCS 5/2--209(a), (f) (West 2000).

We note that the 
Helicopteros
 Court used the alternative terms "related to" and "arising out of" to describe a party's contacts with the forum, and one could argue that these terms suggest a two-part test for finding specific jurisdiction.  However, the majority in 
Helicopteros
 avoided determining "whether the terms 'arising out of' and 'related to' describe different connections between a cause of action and a defendant's contacts with a forum" because the parties had not raised the issue.  
Helicopteros
, 466 U.S. at 415 n.10, 80 L. Ed. 2d at 411 n.10, 104 S.Ct. at 1872 n.10.  Like the Court in 
Helicopteros
, we decline to address whether the phrases "related to" and "arising out of" describe different standards because Spartan does not argue the point.

We now turn to Spartan's contention that the circuit court had general jurisdiction over Lube Power because Lube Power was "doing business" in Illinois under section 2--209(b)(4) of the Code.  Lube Power answered several interrogatories focused on its contacts with Illinois as they relate to the jurisdictional issue.  It is undisputed that Lube Power is a Michigan corporation that has never had an office or permanent agent in Illinois.  At all relevant times, Lube Power was in the business of (1) manufacturing oil lubrication systems and (2) distributing power units that were manufactured by another Michigan corporation and similar to the units identified in Spartan's complaint.  In the 21 years Lube Power has been in business, Don Coppins, Lube Power's president, has attended two trade shows in Chicago, and Lube Power has sold products to Illinois customers 12 times.  Nine of these sales were to BP-Amoco of Tulsa, Oklahoma, which directed Lube Power to ship the items directly to its facility in Joliet.  Coppins went to Naperville four times in March 1995 for consulting purposes only.  None of Coppins's trips involved the solicitation of any business from Illinois residents.  From 1980 to 1985, Lube Power issued two or three catalog mailings to equipment manufacturers, but none were directed to companies in Illinois.

"Transient contact, such as attendance at trade shows, advertising, or mere solicitation, has been rejected as a jurisdictional basis under section 2--209(b)(4)."  
Alderson
, 321 
Ill. App. 3d
 at 853.  In this case, Coppins's trade show visits and consulting trips were few and sporadic.  Furthermore, the nine BP-Amoco sales, which Spartan emphasizes, totaled only $5,742.  Spartan's claim for contract damages exceeding $50,000 dwarfs the total BP-Amoco sales, which appear to be a small portion of Lube Power's total business.  We conclude that Lube Power's transient contact with Illinois is not the "permanence and continuity" required for general jurisdiction.

Next, we quickly dispose of Spartan's claim that its transaction with Lube Power gave the circuit court specific jurisdiction under section 2--209(a)(1) of the Code.  It is undisputed that the negotiations, execution, and performance of the parties' contract occurred entirely in Michigan and had no connection to Illinois.  Therefore, Spartan's present cause of action did not arise from the transaction of "any business within this State."  735 ILCS 5/2–209(a)(1) (West 2000).

Spartan also argues that the circuit court had specific jurisdiction under section 2--209(a)(2) because Lube Power committed two tortious acts: (1) a breach of its warranty and (2) the personal injury of Sabatino.  It is clear that section 2--209(a)(2) does not apply to Spartan's warranty claim, which seeks a contractual remedy and does not allege that Lube Power committed a tort in Illinois.  Therefore, we are left to consider whether Sabatino's alleged personal injury in Illinois could create specific jurisdiction over Lube Power.

Spartan contends that Lube Power established minimum contacts with Illinois when (1) Lube Power placed the allegedly defective pump assembly into the stream of commerce by selling it to Spartan and (2) it was foreseeable that the product might be used by a consumer in another state.  Spartan invokes the "stream of commerce" theory of specific jurisdiction that our supreme court adopted in 
Gray v. American Radiator & Standard Sanitary Corp.
, 22 Ill. 2d 432 (1961).  There, Titan Valve Company (Titan) sold a part that was incorporated into a water heater that American Radiator sold to a consumer in Illinois.  When the water heater exploded and injured the plaintiff, she sued Titan and American Radiator, which filed a counterclaim against Titan.  In upholding jurisdiction over Titan, the supreme court stated, "As a general proposition, if a corporation elects to sell its products for ultimate use in another State, it is not unjust to hold it answerable there for any damage caused by defects in those products."  
Gray
, 22 Ill. 2d at 442.

Since 
Gray
, the Supreme Court has addressed the viability and scope of the "stream of commerce" theory of specific jurisdiction.  In 
World-Wide Volkswagen Corp. v. Woodson
, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980), a car purchased in New York was involved in an accident in Oklahoma.  The purchaser sued the car dealer and the regional distributor in Oklahoma.  In deciding that jurisdiction in Oklahoma was improper, the Court rejected the argument that, because the car's inherent mobility made its presence in another state foreseeable, the nonresident defendants had minimum contacts with Oklahoma.  The Court held that foreseeability alone is not the benchmark for personal jurisdiction under the due process clause.  
World-Wide Volkswagen
, 444 U.S. at 295, 62 L. Ed. 2d at 500, 100 S. Ct. at 566.  If this were not so, "[e]very seller of chattels would in effect appoint the chattel his agent for service of process.  His amenability to suit would travel with the chattel."  
World-Wide Volkswagen
, 444 U.S. at 296, 62 L. Ed. 2d at 501, 100 S. Ct. at 566.

World-Wide Volkswagen
 reiterated that personal jurisdiction must be based on the defendant's conscious acts, rather than the unilateral activity of the purchaser or some third party.  
World-Wide Volkswagen
, 444 U.S. at 298, 62 L. Ed. 2d at 502, 100 S. Ct. at 567.  The Court stated in 
dicta
 that a state would not exceed its powers under the due process clause by asserting jurisdiction over a defendant that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  
World-Wide Volkswagen
, 444 U.S. at 297-98, 62 L. Ed. 2d at 501-02, 100 S. Ct. at 567, citing, 
e.g.
, 
Gray
, 22 Ill. 2d 432.

Later, in 
Asahi Metal Industry Co. v. Superior Court
, 480 U.S. 102, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987), the Court again confronted the issue of personal jurisdiction over a nonresident defendant based on the stream of commerce theory.  A majority of the Court held that jurisdiction over Asahi Metal Industry Company, a Japanese manufacturer that supplied an allegedly defective component part, was improper under the facts of the case.  A portion of the lead opinion authored by Justice O'Connor and joined by three other justices stated that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."  
Asahi Metal
, 480 U.S. at 112, 94 L. Ed. 2d at 104, 107 S. Ct. at 1032.  The opinion noted that the only remaining claim in the case was one for indemnification by a Taiwanese distributor against the Japanese manufacturer and, therefore, California had little interest in resolving the dispute.  Because the only remaining claim concerned indemnification, not safety standards, the Court rejected as "overly broad" the contention that the case implicated the California courts' legitimate interest in protecting California consumers.  
Asahi Metal
, 480 U.S. at 114-15, 94 L. Ed. 2d at 106, 107 S. Ct. at 1033.  A separate opinion, authored by Justice Brennan and joined by three other justices, concluded that the stream of commerce theory was an adequate basis for personal jurisdiction consistent with due process.  
Asahi Metal
, 480 U.S. at 119-20, 94 L. Ed. 2d at 109, 107 S. Ct. at 1036 (Brennan, J., concurring, joined by White, Marshall, and Blackmun, JJ.).  The two opinions authored by O'Connor and Brennan reveal that the 
Asahi Metal
 Court left undecided the scope of the stream of commerce theory.

Nevertheless, in light of 
World-Wide Volkswagen
 and 
Asahi Metal
, we conclude that 
Gray
 is distinguishable from this case.  As Lube Power points out, the plaintiff in 
Gray
 was the actual purchaser of the defective product.  Thus, there was no question that the cause of action arose out of the defendant's contacts with Illinois.

Here, the plaintiff is not an Illinois resident who was injured by the defendant's product.  The plaintiff, Spartan, is another Michigan corporation suing Lube Power for breach of warranty.
(footnote: 1)  If a breach of warranty occurred in this case, it occurred when Lube Power delivered the products to Spartan at its Michigan headquarters.  Spartan concedes that its recall program covered purchasers of its products in many states and several foreign countries, not just Illinois.  As in 
Asahi Metal
, the present case involves a plaintiff attempting to recoup its economic losses rather than protect consumers in the forum state.  If Spartan ultimately wins, the benefit will be received at Spartan's Michigan headquarters, not in Illinois.

This case would be analogous to 
Gray
 if Lube Power had been sued by an injured consumer.  In fact, Lube Power filed a general appearance in the Sabatino litigation and did not contest jurisdiction.
(footnote: 2)  If the Sabatino litigation were still pending, it would qualify as the type of minimum contacts necessary for establishing specific jurisdiction over Lube Power in the current matter.  However, once the personal injury case was settled, the only remaining connection this case had with Illinois was Spartan's discovery of the solenoid problem in Illinois.  This is the type of random, fortuitous contact that the Supreme Court has rejected as a basis for personal jurisdiction.  Accordingly, the circuit court should have granted Lube Power's motion to dismiss for lack of personal jurisdiction.

The judgment of the circuit court of Kane County is reversed.

Reversed.

GROMETER and KAPALA, JJ., concur.

FOOTNOTES
1: Spartan's complaint contains a count for negligence.  It is clear, however, that the only negligence alleged is the manufacture and delivery of a defective product.  It is doubtful that such a claim is viable under 
Moorman Manufacturing Co. v. National Tank Co.
, 91 Ill. 2d 69 (1982).   

2:
Spartan does not contend that defendant's entry of a general appearance in the Sabatino case submitted it to the court's jurisdiction for purposes of this case.  Such a theory would surely be inconsistent with due process.