No. 2-09-0873    Filed:  6-3-10  Corrected 6-18-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID F. MacNEIL, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No.  09--SC--818 |
| | ) | |
| MICHAEL TRAMBERT, | ) | Honorable |
| | ) | William I. Ferguson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, David F. MacNeil, appeals the trial court's dismissal of his complaint against defendant, Dr. Michael Trambert, pursuant to sections 2--301 and 2--619 (a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2--301, 2--619 (a)(1) (West 2008)), for lack of in personam jurisdiction.  On appeal, MacNeil argues that the trial court erred in finding that section 2--209(a) of the Code (735 ILCS 5/2--209(a) (West 2008)) does not confer personal jurisdiction over Trambert.  We affirm.

In November 2008, Trambert listed a 2007 Toyota Land Cruiser (the vehicle) for sale on the Internet website, eBay.  On November 27, the auction of the vehicle ended and Trambert was notified by e-mail that MacNeil was the successful bidder.  The terms of the eBay contract included a "Shipping" clause, which read "Buyer responsible for vehicle pick-up or shipping."  The contract also indicated "Santa Barbara, CA, United States" as the "Item location."  On December 3, MacNeil

communicated with Trambert by e-mail, informing him that a cashier's check drawn on an Illinois bank was being sent via FedEx to MacNeil's agent in California. In the same e-mail, MacNeil requested a bill of sale made to "142 High Country LLC, Telluride, CO 81435."

On December 5, 2008, MacNeil and Trambert communicated via e-mail regarding the mileage on the vehicle. On December 8, MacNeil's agent inspected the vehicle in California and accepted delivery. During the inspection, MacNeil was on the telephone with his agent. On the same day, Trambert delivered title and possession of the vehicle to MacNeil's agent in return for full payment delivered by the agent. At MacNeil's direction, his agent delivered the vehicle to Colorado a short time later. On December 27, Trambert received an e-mail from MacNeil indicating that the vehicle had been delivered to Telluride, Colorado.

MacNeil paid a total of $38,100 for the vehicle. When MacNeil personally inspected the vehicle, he discovered that it did not have a satellite radio or DVD screens in the headrests.

On February 9, 2009, MacNeil, an Illinois resident, filed a complaint in small-claims court in Du Page County, Illinois, claiming breach of contract in that the eBay description of the vehicle stated that it had DVD screens in the headrests of the front seats and a satellite radio system. MacNeil alleged that the cost of the two items was $2,546. On April 24, 2009, Trambert filed a motion to dismiss the complaint, pursuant to sections 2--301 and 2--619(a)(1) of the Code (735 ILCS 5/2--301, 2–619(a)(1) (West 2008)), alleging that the trial court lacked personal jurisdiction over him. Trambert argued that he did not have the necessary minimum contacts with Illinois to support the court's exercise of personal jurisdiction.

On July 28, 2009, the trial court granted Trambert's motion to dismiss, finding that "the mere formation of an on-line contract in the defendant's limited e-mail and telephonic correspondence with

the Illinois plaintiff regarding that contract *** are by themselves insufficient to establish minimum contacts with Illinois, and the defendant did not purposely direct any eBay sales *** specifically toward Illinois residents or use Ebay to establish the regular business in Illinois." The trial court also found that the "Effects Doctrine cannot serve as a basis for jurisdiction because analysis only applies to intentional tort [sic]" and not to the breach-of-contract action.

Plaintiff timely appealed the trial court's order granting Trambert's motion to dismiss.

ANALYSIS

Initially, we note that although Trambert has not filed an appellee's brief, the record is short and we may decide the merits of the appeal under the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128 (1976). See People v. Cosby, 231 Ill. 2d 262, 285 (2008).

The issue raised on appeal is whether the trial court erred in concluding that it did not have personal jurisdiction over Trambert pursuant to section 2--209(a) of the Code (735 ILCS 5/2--209(a) (West 2008)). MacNeil asserts that personal jurisdiction over Trambert is proper because Trambert transacted business in Illinois and entered into a contract substantially connected with Illinois.

A plaintiff has the burden of establishing a prima facie case for jurisdiction when seeking jurisdiction over a nonresident defendant. Bolger v. Nautica International, Inc., 369 Ill. App. 3d 947, 949 (2007). When, as here, the trial court decides the issue of personal jurisdiction based solely on documentary evidence, our standard of review is de novo. Bolger, 369 Ill. App. 3d at 949-50, citing Keller v. Henderson, 359 Ill. App. 3d 605, 611 (2005). A reviewing court addressing a challenge to personal jurisdiction must resolve in favor of the plaintiff any conflicts in the pleadings and affidavits (Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 56 (2001)); however, a plaintiff's prima

facie case for jurisdiction can be overcome by a defendant's uncontroverted evidence that defeats jurisdiction. Keller, 359 Ill. App. 3d at 611. If we decide that a plaintiff has made a prima facie case for jurisdiction over a defendant, we must then determine if a material evidentiary conflict exists. Viktron Ltd. Partnership v. Program Data, Inc., 326 Ill. App. 3d 111, 116 (2001). If a material conflict does exist, then we must remand the cause to the trial court for an evidentiary proceeding. Viktron Ltd. Partnership, 326 Ill. App. 3d at 116.

Section 2--209(c) of the Code provides that a court may exercise jurisdiction on any basis consistent with the Illinois Constitution and the United States Constitution. 735 ILCS 5/2--209(c) (West 2008). In other words, section 2--209(c) of the Code is coextensive with the due process requirements of the Illinois and United States Constitutions and, therefore, provides an independent basis for a court to exercise jurisdiction. Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill. App. 3d 381, 387 (2005). Accordingly, our analysis will focus on whether MacNeil has established that federal and Illinois due process requirements have been met. Keller, 359 Ill. App. 3d at 612 (stating that, because section 2--209(c) of the Code and due process requirements are coextensive, it is "wholly unnecessary" for a court to consider whether a defendant performed any of the acts enumerated in the Code).

For personal jurisdiction to satisfy federal due process requirements, a defendant must have minimum contacts with the forum state so that maintaining suit there would not offend " ' "traditional notions of fair play and substantial justice." ' " Spartan Motors, Inc. v. Lube Power, Inc., 337 Ill. App. 3d 556, 560 (2003), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940). Stated differently, once a court decides that a defendant has

purposely established minimum contacts with a forum state, those contacts should be considered in light of other factors to determine whether asserting personal jurisdiction would comport with fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 85 L. Ed. 2d 528, 543, 105 S. Ct. 2174, 2184 (1985). The minimum-contacts requirement for personal jurisdiction must be based on some act by which a defendant purposely avails himself of the privilege of conducting activities within a state, thus invoking the benefits and protections of its laws. Spartan Motors, 337 Ill. App. 3d at 560. The purposeful-availment requirement exists to ensure that an alien defendant will not be forced to litigate in an inconvenient forum solely as a result of random or attenuated contacts or the unilateral act of a consumer or third person. Keller, 359 Ill. App. 3d at 613, citing Burger King Corp., 471 U.S. at 475, 85 L. Ed. 2d at 542, 105 S. Ct. at 2183. Finally, a court engaging in a federal due process analysis must consider whether (1) the nonresident defendant had minimum contacts with the forum state such that there was "fair warning" that the nonresident defendant may be haled into court in that state; (2) the action arose out of or was related to the defendant's contacts with the forum state; and (3) it is reasonable to require the defendant to litigate in the forum state. Burger King Corp., 471 U.S. at 471-77, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-84.

In addition, the "minimum contacts" necessary for personal jurisdiction depends on whether the forum asserts general or specific jurisdiction. Keller, 359 Ill. App. 3d at 613. In his complaint, MacNeil averred that he saw advertisements for the vehicle only on eBay, and the record is devoid of evidence that Trambert's general business contacts with Illinois were continuous and systematic. Thus, MacNeil could not establish general jurisdiction. See McGill v. Gigantex Technologies, Co.,

Ltd, No. 05--C--5892, slip op. at __ (N.D. Ill. December 12, 2005) ("Contrary to [the plaintiff's] assertions, [the defendant] has not actively solicited business or advertised in Illinois").

A court has specific jurisdiction over the defendant if the suit directly arises "out of the contacts between the defendant and the forum." Spartan Motors, 337 Ill. App. 3d at 561. With respect to specific jurisdiction, MacNeil asserts that the trial court had personal jurisdiction over Trambert because Trambert transacted business in and had extensive contacts with Illinois regarding this sale. In other words, the gist of MacNeil's argument is that the court had personal jurisdiction over Trambert because he should have anticipated being brought to court in Illinois regarding the sale of the vehicle.

In Foley v. Yacht Management Group, Inc., No. 08--C--7254 (N.D. Ill. July 9, 2009), the court addressed the specific issue of personal jurisdiction over the defendants offering an item for Internet auction on eBay. The defendants, located in Massachusetts, listed a yacht for auction on eBay and the plaintiff, an Illinois resident, was the highest bidder. Foley, slip op. at __. The plaintiff received an e-mail from eBay confirming that he was the winning bidder and he subsequently submitted a $2,000 deposit through the Internet monetary transfer service PayPal. However, the defendants soon thereafter refused to accept the deposit and refunded the money to the plaintiff. Foley, slip op. at __. The plaintiff later contacted the defendants by sending a letter via fax and U.S. mail expressing his intention to complete the sale; however, although one of the defendants called the plaintiff in response, the transaction was never completed. Foley, slip op. at __. The plaintiff filed a lawsuit for breach of contract, which one of the defendants moved to dismiss for lack of personal jurisdiction. Reviewing case law from other jurisdictions, the court held that the seller of an item on eBay, without further ties to the state in which the buyer resides, was not subject to

specific jurisdiction in that state. <u>Foley</u>, slip op. at __. Specifically, the court concluded that a seller who posts an item on eBay for auction has no control over who ultimately purchases that item, and therefore the seller does not engage in conduct that rises to the level of purposeful availment necessary to establish personal jurisdiction. <u>Foley</u>, slip op. at __. The court further concluded that the phone calls and e-mails from the defendants to the plaintiff about the yacht "did not change the fact that [the defendants], like any other seller on eBay, could not choose who actually won and purchased the item. *** As such, [the defendants'] business contact with [the plaintiff] in Illinois remains random, fortuitous and attenuated ***." <u>Foley</u>, slip op. at __, comparing <u>McGuire v. Lavoie</u>, No. 03--C--0161, slip op. at __ (N.D. Tex. August 19, 2003) (holding that the defendant purposely availed himself of the privilege of doing business within forum state when the defendant chose to stop online eBay auction and sell item directly to the plaintiff).

We agree with the court's analysis in <u>Foley</u> that a seller of an item on eBay, without further ties to a forum, is not subject to specific jurisdiction in that forum. Similar to the defendants in <u>Foley</u>, Trambert placed the vehicle for sale on eBay, had no control over who ultimately purchased it or in which state or region the buyer resided, and, once the item was purchased, had limited contacts with MacNeil. See <u>Foley</u>, slip op. at __. Therefore, Trambert's conduct directed at this forum did not rise to the level of purposeful availment necessary to confer personal jurisdiction. See <u>Foley</u>, slip op. at __.

Reviewing the pleadings in favor of MacNeil, we conclude that he has not established that Trambert's "repeated communications" with him in Illinois amounted to more than an isolated telephone call and other limited communications via e-mail. See <u>Abbott Laboratories, Inc. v. Biovalve Technologies, Inc.</u>, 543 F. Supp. 2d 913, 922 (N.D. Ill. 2008) (stating that isolated

telephone and e-mail communications, alone, are insufficient bases for asserting personal jurisdiction, although sustained contact over the course of several months could be sufficient). Further, the limited communications between Trambert in California and MacNeil in Illinois do not render inapplicable the above analysis, i.e., that a seller of an item on eBay has no control over who purchases that item. See Foley, slip op. at __ . Accordingly, because the court's holding in Foley is sufficiently analogous and persuasive, we conclude that Trambert's contact with Illinois was random, fortuitous, and attenuated. See Foley, slip op. at __ .

MacNeil cites Larochelle v. Allamian, 361 Ill. App. 3d 217, 225 (2005), wherein this court stated that jurisdiction will attach to a "nonresident defendant where it transacts business in foreign jurisdictions via an interactive website where contracts are completed online and the defendant derives profit from web-related activity." MacNeil asserts that the Larochelle test applies to establish personal jurisdiction over Trambert. This argument overlooks Larochelle's further description of a website that is interactive in that it allows customers in foreign jurisdictions to communicate regarding a defendant's products and services. Specifically, "such a website may or may not be sufficient to assert personal jurisdiction, depending on the level of interactivity and the commercial nature of the information exchanged." (Emphasis added.) Larochelle, 361 Ill. App. 3d at 225. The record in Larochelle revealed a continuous, intimate business relationship between the parties such that the defendant could be said to be "doing business" in Illinois. Larochelle, 361 Ill. App. 3d at 227. The transaction in this case, on the other hand, is precisely of the nature of the "one-time deal" that the Larochelle court determined was not the situation presented.

Finally, we consider MacNeil's argument related to personal jurisdiction based on tortious conduct, if any, on the part of Trambert. While MacNeil's complaint alleged a cause of action based

on breach of contract, the parties briefed and argued the relevance of MacNeil's arguments related to the "Effects Doctrine."  The trial court ruled that the "Effects Doctrine" applies only to an intentional tort, not a breach of contract.  MacNeil has indicated that he would seek leave to amend his complaint to include fraud allegations in the event this court reverses the trial court's dismissal.

We are not reversing, but we note a basic flaw in MacNeil's argument.  Citing Arthur Young & Co. v. Bremer, 197 Ill. App. 3d 30, 36 (1990), MacNeil asserts that, under the "Effects Doctrine," the trial court had personal jurisdiction over Trambert because Trambert performed a tortious act in that he "intentionally reached out to Illinois and misrepresented the options" of the vehicle.  Arguing that jurisdiction was proper because this act caused MacNeil to suffer an economic injury in Illinois, he quotes from Arthur Young & Co. as follows:

"In order to sustain jurisdiction based on the commission of a tortious act in Illinois, the plaintiff must allege that the defendant performed an act or omission which caused an injury in Illinois, and that the act or omission was tortious in nature.  [Citation.] Alternatively, the requirements of the tortious act provision of the long-arm statute may be met if plaintiff demonstrates an economic injury in Illinois coupled with activity indicating an intent to affect Illinois interests.  [Citation.]"  Arthur Young & Co., 197 Ill. App. 3d at 36.

However, we read one sentence further: "For purposes of the tort provision of the long-arm statute, the place of the wrong is the place where the last event necessary to hold the actor liable takes place. [Citation.]"  Arthur Young & Co., 197 Ill. App. 3d at 36.

Applying these principles to this case, we find that the final event that would be necessary to hold Trambert liable consisted of his accepting payment for the vehicle and delivering possession of it to MacNeil's agent.  These two events occurred simultaneously in California.  While the

economic injury was suffered by MacNeil, who happened to be in Illinois, under Arthur Young & Co. this fact alone cannot establish that personal jurisdiction over Trambert is proper in Illinois.

"Pinning down the location of a tortious act in a multi-state transaction is no picnic." Rose v. Franchetti, 979 F.2d 81, 84 (7th Cir. 1992). In this case, the transaction of business occurred in California. Further, the commission of a tort, if any, also occurred in California. Therefore, under either theory, MacNeil has failed to establish a basis for an Illinois court to exercise specific personal jurisdiction over Trambert. We find that the trial court properly granted Trambert's motion to dismiss for lack of jurisdiction.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON and BURKE, JJ., concur.