2021 IL App (1st) 200820-U

FIRST DISTRICT,
FIRST DIVISION
December 20, 2021

No. 1-20-0820

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ANDREA MALEVITIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| v. | ) | |
| | ) | No. 19 M6 8136 |
| EXPEDIA GROUP, INC., and HOME AWAY, | ) | |
| INC., | ) | Honorable |
| | ) | Carrie E. Hamilton, |
| Defendants-Appellees. | ) | Judge Presiding |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Hyman and Justice Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*: Dismissal of plaintiff's first amended complaint is affirmed where plaintiff failed to make a *prima facie* showing that Illinois has personal jurisdiction over the nonresident corporate defendants.

¶ 2     Plaintiff-appellant Andrea Malevitis sued defendants-appellees Expedia Group, Inc. (Expedia) and Home Away, Inc. (Home Away)[1] (collectively referred to as defendants) for several claims arising from a vacation rental agreement. Malevitis appeals the circuit court's

_____

[1] Plaintiff's notice of appeal names defendants as Expedia Group, Inc. and Home Away, Inc. Defendants asserted in the lower court that the correct entity names are HomeAway.com, Inc. (HomeAway) and Expedia, Inc. We will refer to defendants as they appear in the notice of appeal.

dismissal of her first amended complaint based on lack of personal jurisdiction over defendants. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4        Malevitis, an Illinois resident, entered into an online rental agreement to rent Kenneth Moore's[2] residential property in Scottsdale, Arizona from September 19 to September 25, 2018. The property was listed on Home Away's website, VRBO.com, which had photographs and a written description of Moore's property.

¶ 5        On September 19, 2018, Malevitis and her family arrived at Moore's residence and discovered "a hole in the roof large enough to allow a substantial amount of water to form and gather upon the kitchen and dining area floors" and "visible dirt and grime present, indicating that the rental home was not cleaned and habitable." The front driveway was different than the one shown in photographs on the website and the swimming pool and spa area "was in reality not the same pool depicted in the photographs as the pool was rundown, ill-maintained and neglected."

¶ 6        When Malevitis confronted Moore about the defects, he "became combative, belligerent, mentally unstable and ignorant with [Malevitis] and her family" and accused them of breaking into his home. Malevitis asked Moore again about the problems with the residence and his "promise to pay in cash the overcharged amount of $300.00" that Malevitis had already paid. Moore became even more hostile, "engaging in additional threatening, belligerent, ignorant, [and] menacing" conduct. Malevitis found other rental accommodations at a "substantial and additional expense[]."

---

[2]Moore is not a party to this appeal.

¶ 7        On July 15, 2019, Malevitis sued Moore and Home Away for breach of contract, fraudulent concealment, intentional and negligent infliction of emotional distress, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 501/1 (West 2018)). Malevitis amended her complaint, adding Expedia as a defendant. Expedia was not involved in Malevitis' booking, but Home Away is a "wholly-owned subsidiary of Expedia." Malevitis alleged that Moore, Expedia, and Home Away were all parties to the rental agreement that she "executed in Cook County, Illinois." She further asserted that Illinois had personal jurisdiction over defendants because they "have in the past and presently conduct business" in Illinois and they "operate a vacation rental business where [they] rent homes from around the United States to residents of the State of Illinois."

¶ 8        Expedia and Home Away moved to dismiss Malevitis' first amended complaint under 735 ILCS 5/2-301(a) (West 2018) for lack of personal jurisdiction.[3] Defendants argued that Illinois does not have general jurisdiction over defendants because "[n]either is incorporated under the laws of this State nor maintains its principal place of business here." They also asserted that Illinois lacked specific personal jurisdiction because "the allegations arise solely out of an incident arising at a Scottsdale, Arizona home."

¶ 9        In support of their motion, defendants filed a declaration of Lee Huberman, Home Away's senior product manager. Huberman clarified that Home Away "operate[s] an online forum that allows property owners and managers, referred to as 'Members,' to list their properties for short-term rentals and connect with individuals who are seeking to rent a house or

---

[3] Defendants alternatively moved to compel arbitration, but the circuit court did not rule on that motion.

apartment when visiting a city, referred to as 'Travelers.' " Home Away does not own or operate any properties and "is not a party to rental transactions."

¶ 10     Malevitis sought an extension of time to respond to defendants' motion to dismiss until "the completion of discovery on the issue of personal jurisdiction in Illinois." Defendants objected to the motion and asked for a protective order prohibiting Malevitis' "improper jurisdictional discovery" served "[w]ithout leave to do so." The circuit court denied Malevitis' motion for an extension "and to conduct discovery," granted defendants' motion for a protective order, and gave Malevitis 28 days to respond to defendants' motion to dismiss.

¶ 11     The circuit court ultimately granted defendant's motion to dismiss, finding that the court lacked general jurisdiction over defendants because "[n]either defendant was incorporated in the State of Illinois nor maintains its principle[*sic*] place of business in Illinois" and "there is no evidence that either defendant engages in substantial, continuous and systematic course of business in Illinois." Relying on *National Gun Victims Action Council v. Schecter*, 2016 IL App (1st) 152694, ¶ 23, the court also found that Illinois did not have specific jurisdiction over defendants because they did not initiate contact with Malevitis, "[n]othing about the transaction at issue was required to take place in Illinois," and performance was to take place in Arizona.

¶ 12                                        ANALYSIS

¶ 13     "The plaintiff has the burden of establishing a *prima facie* basis to exercise personal jurisdiction over a nonresident defendant." *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 12. In ruling on a motion to dismiss for lack of personal jurisdiction, "the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon contested issues of fact." 735 ILCS 5/2-301(b) (West 2018). "Any unrebutted allegations must be accepted as true [citation],

but any conflicts in the supporting documentation must be resolved in the plaintiff's favor." *Zamora v. Lewis*, 2019 IL App (1st) 181642, ¶ 41. Where, as here, the circuit court determines a jurisdictional question based on only documentary evidence, our review is *de novo*. *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 12 (citing *Russell v. SNFA*, 2013 IL 113909, ¶ 28).

¶ 14        State courts may "exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the State] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). The "minimum contacts" required for personal jurisdiction depends on whether the forum asserts general or specific jurisdiction over a defendant. *MacNeil v. Trambert*, 401 Ill. App. 3d 1077, 1080 (2010). Malevitis asserts that Illinois has both general and specific personal jurisdiction over defendants.

¶ 15        Initially, Malevitis argues that the circuit court erred in denying her discovery request because she "request[ed] leave to seek information that is only in the custody of the Defendants which would show *** their contacts with Illinois that would support general and specific jurisdiction over them." Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's argument include "citation of the authorities and pages of the record relied on." Malevitis does not cite a single legal authority in support of this argument, and it is therefore forfeited. See *In re Marriage of Gabriel and Shamoun*, 2020 IL App (1st) 182710, ¶ 74 (failing to support an argument with citation to authorities forfeits review of an issue on appeal); see also *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009) ("A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority; it is not merely a repository into which an appellant may 'dump the burden of argument and research' ***").

¶ 16                                    General Jurisdiction

¶ 17        General jurisdiction is "all-purpose," and the plaintiff may pursue a claim against the defendant even if defendant's conduct that is being challenged occurred outside of the forum state. *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 14. The standard for general jurisdiction "is very high and requires a showing that the nonresident defendant carried on systemic business activity in Illinois not casually or occasionally, but with a fair measure of permanence and continuity." (Internal quotation marks omitted.) *Russell*, 2013 IL 113909, ¶ 36.

¶ 18        Because "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there," a corporate defendant's contacts with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler*, 517 U.S. at 137-139 (quoting *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915, 924 (2011)). A corporation is "at home" in its state of incorporation and the state in which it has its principal place of business. *Id.* at 137-38; see also *Aspen American Insurance Co.*, 2017 IL 121281, ¶¶ 16-17. However, in "exceptional case[s]," a corporate defendant's operations in a state other than its state of incorporation or principal place of business might be "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 138, n. 19; see, *e.g.*, *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 448-49 (1952) (finding general jurisdiction over a Philippines corporation where its president "carried on *** a continuous and systematic supervision of the necessarily limited wartime activities of the company" in Ohio).

¶ 19        Malevitis argues that Illinois has general jurisdiction over defendants because she "asked the trial court to take judicial notice of the extraordinary media and internet presence Defendants have throughout the United States, including the State of Illinois," such as their "daily and

repeated television ads, printed advertising materials" and "respective websites, which continuously and systematically seek travel-related business" from Illinois residents.

¶ 20    However, general jurisdiction does not rest simply on whether a corporation's "in-forum contacts can be said to be in some sense 'continuous and systematic.' " *Daimler*, 517 U.S. at 139. Malevitis does not dispute that the defendants are not incorporated in Illinois and do not have their principal places of business in Illinois. She also fails to show that this is an "exceptional case" where defendants' contacts with Illinois are "so substantial" as to render them at home in Illinois. See *e.g.*, *Perkins*, 342 U.S. at 448-49; see also *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 19 (quoting *Monkton Insurance Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)) (noting that "under *Daimler*, it is 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business' "). As such, Malevitis has failed to make a *prima facie* showing that Illinois has general jurisdiction over defendants. See *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 19 (no general jurisdiction over nonresident defendant where plaintiff did not dispute that defendant was incorporated outside of Illinois and the fact that defendant "does business" in Illinois through a warehouse did not render defendant "at home"); *Campbell v. Acme Insulations, Inc.*, 2018 IL App (1st) 173051, ¶ 15 (court did not have general jurisdiction over nonresident defendant where Illinois was not the state of incorporation or principal place of business and its business in Illinois was a "relatively small portion of its total operations").

¶ 21                    Specific Jurisdiction

¶ 22    For specific personal jurisdiction, "a defendant's general connections with the forum are not enough." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017). Rather, "the defendant's suit-related conduct must create a

substantial connection with the forum state." *Walden v. Viore*, 571 U.S. 277, 284 (2014). To establish this "substantial connection," the plaintiff must show that (1) "the defendant purposefully directed its activities at the forum state" and (2) "the cause of action arose out of or relates to the defendant's contacts with the forum state." *Russell*, 2013 IL 113909, ¶ 40 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State," rather than contacts between the plaintiff (or third parties) and the forum State. (Emphasis in original.) *Walden*, 571 U.S. at 284 (quoting *Burger King Corp.*, 471 U.S. at 475).

¶ 23       Malevitis maintains that defendants "are also subject to specific jurisdiction in that the Defendants' litigated-related conduct created a substantial connection with the State of Illinois."[4]

¶ 24       The only apparent "contact" defendants had with Illinois that is related to Malevitis' cause of action is through their website. Defendants' website is a "forum" for individuals to advertise their properties and for travelers to find properties for short-term rentals, but Malevitis does not allege, and the record does not show, that defendants target travelers from Illinois or direct any conduct toward Illinois specifically. Compare *Wiggen v. Wiggen*, 2011 IL App (2d) 100982, ¶ 38 (defendant's website insufficient to assert personal jurisdiction where there was "no evidence that the website specifically solicits customers in Illinois") with *Innovative Garage Door Co.*, 2012 IL App (2d) 120117, ¶ 25 (specific personal jurisdiction over defendant that arranged business transactions "between the Illinois business and what were primarily Illinois

---

[4] Malevitis also argues that "Defendants[*sic*] own Terms and Conditions allowed and caused them to be subjected to personal jurisdiction in Illinois" because they provide that arbitration may be conducted in person in the state where the plaintiff lives and plaintiff "can file a small claims complaint without any reference to jurisdiction." However, Malevitis raises this argument for the first time on appeal, and it is therefore forfeited. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15 ("Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal").

consumers" and where the agreement with the plaintiff "clearly establishe[d] a significant relationship between [defendant] and Illinois).

¶ 25    Additionally, the relevant conduct giving rise to the cause of action occurred in Arizona, and Malevitis has not shown an "affiliatio[n] between the forum and the underlying controversy." (Internal quotation marks omitted.) *Goodyear Dunlop Tires Operations*, *S.A.*, 564 U.S at 919; see also *uBid v. GoDaddy Group, Inc.*, 623 F.3d 421, 431(7th Cir. 2010) (noting that without showing defendant had "constitutionally sufficient contacts with the forum" and that defendant's contacts were related to the lawsuit, "the mere fact that the defendant allegedly caused harm by conducting business or advertising over the Internet is not adequate to establish jurisdiction in the plaintiff's chosen forum state").

¶ 26    Malevitis relies on *Ford Motor Co. v. Montana Judicial District Court*, 141 S. Ct. 1017 (2021) to argue that Illinois has specific jurisdiction over defendants. In *Ford Motor Co.*, the Supreme Court held that Montana and Minnesota had specific jurisdiction over Ford for lawsuits related to two separate accidents in those states that involved Ford vehicles. *Id.* at 1022. In doing so, the Court rejected Ford's argument that specific jurisdiction could only attach in a state where Ford sold or manufactured and designed the vehicle in question, noting that specific jurisdiction is not a "causation-only approach." *Id.* at 1026. Rather, specific jurisdiction "demands that the suit 'arise out of *or relate to* the defendant's contacts with the forum.' " (Emphasis in original.) *Id.*

¶ 27    However, Ford purposefully availed itself of the privileges of conducting business in both states and "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Id.* at 1026-1028. Whereas here, there is no evidence that defendants purposefully directed any conduct toward Illinois or its

residents, and the alleged injury did not occur in Illinois. We therefore find that Malevitis has not made a *prima facie* showing that Illinois has specific personal jurisdiction over defendants.

¶ 28                                                    CONCLUSION

¶ 29            For the foregoing reasons, the circuit court's order dismissing Malevitis' first amended complaint is affirmed.

¶ 30            Affirmed.