NOTICE

Decision filed 05/24/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220594-U

NO. 5-22-0594

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| ASHLEY RICHARDS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 21-AR-67 |
| | ) | |
| LYNNA CLEMENS, | ) | Honorable |
| | ) | Kevin T. Hoerner, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The order of the circuit court of St. Clair County denying the defendant's motion to dismiss pursuant to section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2020)) is reversed where the trial court erred in finding that the defendant was a resident of Illinois at the time of the incident that occurred in Missouri and therefore subject to general jurisdiction in Illinois.

¶ 2   This is an appeal from the circuit court of St. Clair County denying the defendant, Lynna Clemens's, motion to dismiss pursuant to section 2-301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-301 (West 2020)).  The trial court, in denying the motion to dismiss, found that the defendant was a resident of Illinois where the home she owned was in Belleville, Illinois; she paid tax on the residence; received mail there; kept her personal belongings there; and was staying there on the night of the incident.  However, the defendant appeals, arguing that she was only temporarily staying at the home for an event she was attending and was in fact a resident of South

1

Dakota on the night of the incident and intended to continue to reside in South Dakota. For the reasons that follow, we reverse.

¶ 3                                    I. BACKGROUND

¶ 4     On February 8, 2021, the plaintiff, Ashley Richards, filed a four-count complaint against the defendant in St. Clair County circuit court for battery, assault, outrage/willful wanton misconduct, and negligence. In the complaint, the plaintiff acknowledged that the event giving arise to the litigation occurred in St. Louis, Missouri.

¶ 5     On July 22, 2021, the defendant filed a motion to dismiss pursuant to section 2-301 of the Code. *Id*. The motion alleged that the defendant was not a resident of the state of Illinois and therefore was not subject to the state's jurisdiction. The plaintiff claimed she was a resident of South Dakota and confirmed that the alleged incident on October 4, 2020, occurred in St. Louis, Missouri. She further stated that she had not lived in Illinois since October of 2019, one year prior. Therefore, she argued that she was a nonresident of Illinois and that she was not subject to specific jurisdiction under the Illinois long-arm statute as the alleged conduct occurred in Missouri.

¶ 6     The plaintiff filed a response to the motion to dismiss alleging that, based on the defendant's deposition, it was clear that jurisdiction was proper in Illinois. The response admitted that the defendant was a member of the military and that she bought a home in Belleville, Illinois, while she was stationed at Scott Air Force Base. The plaintiff further admitted that the defendant was transferred from Scott Air Force Base in October 2019, but pointed to the fact that the defendant still owned the Belleville, Illinois, home, had never rented it in the year since her relocation, and kept her possessions there. The plaintiff also pointed to the fact that the defendant paid her taxes on the home through her mortgage carrier, paid for utilities on the home, and received mail there. The plaintiff additionally noted that, on the night of the alleged incident, the

2

defendant left St. Louis and returned to her home in Belleville, Illinois. The plaintiff admitted that the defendant still had five years of service remaining before she would retire from the military.

¶ 7    Attached to the plaintiff's response was the defendant's deposition. In her deposition, the defendant stated that she was in the military; had been for 15 years; and intended on serving 20 years, after which she would retire. She was living in South Dakota at the time of her deposition; however, she did not know where she intended to live when she retired in five years. She was stationed at Scott Air Force Base when she bought her Belleville, Illinois, home, and she remained stationed there for three years from 2016 to 2019. She was then transferred to South Dakota in October 2019. She had never rented or sold the property because she still had some of her belongings at the home, and it would not have been feasible for another family to live there. She did not keep any furniture at the home, just decorations and old clothes she did not wear anymore. She also was not comfortable selling the property as-is. She paid taxes on the home through her mortgage company. She was originally from Pennsylvania but had not lived there since May 2007. Her father and one of her grandparents still lived in Pennsylvania. The Belleville home was the only home she owned.

¶ 8    On October 4, 2020, the date of the incident, the defendant was living in South Dakota. She had come to Belleville, Illinois, for an event and to visit friends. She was temporarily staying at her house while she was in town. She was the only person with a physical key to the house, but a friend had the code so that the friend could check the mail as she still received some mail at the address, though it was mostly junk mail. She also paid the utility bills to keep the heat and water running in the home. She did not have a cable or a phone bill and, although the city included trash service with her sewer bill, she did not utilize the trash service as there was no trash to collect. She also stated, though, that she did not intend to continue living in South Dakota after her retirement,

which would occur in five years. She stated that the address she uses on her tax returns is in Pennsylvania. When questioned by her lawyer, the defendant recalled that around the time of the incident, she stayed in her house in Belleville, Illinois, for less than a week. It was not her intention to return to Illinois at that time. She was stationed in South Dakota, and it was her intention to return to and continue living in South Dakota after her visit. She did in fact return and continued to reside in South Dakota through the time of her deposition.

¶ 9 The defendant filed a reply to the plaintiff's response to the motion to dismiss. The reply made substantially the same arguments that general jurisdiction was not applicable where the defendant resided in South Dakota, intended to reside in South Dakota, and had no present intention of residing in Illinois. Additionally, the reply asserted that specific jurisdiction was not applicable where it was undisputed that the alleged incident occurred in Missouri. In sum, the defendant argued that South Dakota was her residence, even if she did not plan on staying there forever.

¶ 10 On August 12, 2022, following a hearing on the matter, the trial court entered an order denying the defendant's motion to dismiss pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2020)). The defendant was given 30 days to file an answer. This court granted the defendant leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 306 (eff. Oct. 1, 2020).

¶ 11                                    II. ANALYSIS

¶ 12 On appeal, the defendant argues that the trial court erred in denying her motion to dismiss pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2020)), where she was a resident of South Dakota and where the alleged incident occurred in Missouri.

4

¶ 13    At the outset, we note that the parties disagree as to the standard of review.  Therefore, we begin our analysis of this issue by addressing the applicable standard of review.  The plaintiff claims the standard should be whether the trial court's decision was against the manifest weight of the evidence.  The defendant claims that the standard of review is *de novo*.  This court in *Cori v. Schlafly*, 2021 IL App (5th) 200246, ¶ 17, stated that "[w]hen a trial court decides jurisdictional issues after an evidentiary hearing, this [c]ourt's standard of review is whether the decision was against the manifest weight of the evidence."  (Internal quotation marks omitted.)  When the court makes a determination on personal jurisdiction based on the pleadings and materials produced during discovery without conducting an evidentiary hearing, our standard of review is *de novo*. *Levy v. Gold Medal Products Co.*, 2020 IL App (1st) 192264, ¶ 26.  If no evidentiary hearing has been held:

> "A plaintiff has the burden of establishing a *prima facie* case for jurisdiction when seeking jurisdiction over a nonresident defendant.  [Citation.]  *** A reviewing court addressing a challenge to personal jurisdiction must resolve in favor of the plaintiff any conflicts in the pleadings and affidavits [citation]; however, a plaintiff's *prima facie* case for jurisdiction can be overcome by a defendant's uncontroverted evidence that defeats jurisdiction.  [Citation.]  If we decide that a plaintiff has made a *prima facie* case for jurisdiction over a defendant, we must then determine if a material evidentiary conflict exists.  [Citation.]  If a material conflict does exist, then we must remand the cause to the trial court for an evidentiary proceeding." *MacNeil v. Trambert*, 401 Ill. App. 3d 1077, 1080 (2010).

¶ 14    Here, there is no report of proceedings and no exhibits included in the trial record to indicate that there was an evidentiary hearing held.  The order of the court merely states "Defendant's motion to dismiss is heard, argued[,] and denied."  Therefore, we find that our review is *de novo*.

¶ 15    Moving to the substance of the appeal, the defendant argues that the trial court erred in denying her motion to dismiss pursuant to section 2-301 of the Code where she was a South Dakota resident and where the incident leading to the complaint occurred entirely in Missouri.  We agree.

5

¶ 16　　Section 2-209 of the Code provides that Illinois courts have general jurisdiction over a natural person for actions arising outside of Illinois if he or she was "present within this State when served"; was "domiciled or [a] resident within the State when the cause of action arose, the action was commenced, or process was served"; or is "doing business within this State" (735 ILCS 5/2-209(b)(1), (2), (4) (West 2020)). *Buron v. Lignar*, 2020 IL App (1st) 192152, ¶ 17.

¶ 17　　In arguing that there was general jurisdiction in Illinois, the plaintiff relies on *Hatcher v. Anders*, 117 Ill. App. 3d 236, 239-40 (1983). *Hatcher* involved a case where defendant was a member of the military. There, the court found that his temporary absence for his service did not amount to his abandonment of his Illinois residence. However, this case is easily distinguishable. First, the defendant is a career service member, and at the time of her deposition, she had served for 15 years. Second, the only reason she ever lived in Illinois was that she was stationed at Scott Air Force Base, which was the same reason she relocated to South Dakota. Thus, we do not find *Hatcher* helpful in resolving the issue before us.

¶ 18　　The defendant was a member of the United States Air Force. For a time from 2016-2019, she was stationed at Scott Air Force Base. During her time there, she bought a home. In October of 2019, she was relocated to South Dakota. She has resided in South Dakota since moving from Illinois. At the time of the incident, she did not have an Illinois license, did not physically reside in Illinois, and was only staying at her home temporarily while she was in town for an event and to visit friends. She testified that it was always her intention to return to South Dakota after her short stay in Belleville, Illinois. The fact that she did not know where she wanted to live after retiring from the military in five years was not sufficient to assume that she was still an Illinois resident. She did not have any furniture in the Belleville, Illinois, residence and only stored old decorations and clothes she no longer wore there. Nothing in the record shows that she ever

6

intended to abandon her South Dakota residency and return to live permanently in Illinois at the time of the incident. A person can only have one domicile. *In re Estate of Elson*, 120 Ill. App. 3d 649, 654 (1983). Here, the defendant lived out of state and she testified it was her intent to return to South Dakota and remain living out of state for the foreseeable future. Therefore, we cannot say that the defendant is subject to the general jurisdiction of Illinois.

¶ 19 Next, we look to specific jurisdiction. In Illinois, the exercise of personal jurisdiction over a nonresident defendant is authorized under the "long-arm" statute found in section 2-209(c) of the Code (735 ILCS 5/2-209(c) (West 2020)). *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 13. A trial court can exercise jurisdiction on any "basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2020). Therefore, to determine whether jurisdiction is appropriate under the long-arm statute, we must consider the constitutional limits placed on a state's authority to exercise jurisdiction over a nonresident defendant. *Aspen*, 2017 IL 121281, ¶ 13.

¶ 20 "The United States Supreme Court has held that the federal due process clause permits a state court to exercise personal jurisdiction over a nonresident defendant only when the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' [Citation.]" *Id*. ¶ 14. Specific jurisdiction exists only when plaintiff's cause of action arises out of or relates to defendant's contacts with the forum state. *Russell v. SNFA*, 2013 IL 113909, ¶ 40.

¶ 21 As to the plaintiff's assertion that the defendant is subject to specific jurisdiction in Illinois where, after the incident, the defendant returned to her house in Belleville, Illinois, we find this argument entirely unpersuasive. It is undisputed that all of the complained of conduct occurred in Missouri. The mere fact that the defendant stayed in her Belleville, Illinois, house is not enough

7

to justify exclusive, specific jurisdiction over her in Illinois. Therefore, we find that the defendant is not subject to specific personal jurisdiction in Illinois under the long-arm statute, and the trial court erred in denying her motion to dismiss.

¶ 22                                    III. CONCLUSION

¶ 23     For the foregoing reasons, we reverse the order of the circuit court of St. Clair County denying the defendant's motion to dismiss.


¶ 24     Reversed.