NOTICE
Decision filed 04/13/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180314-U

NO. 5-18-0314

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| PAUL BOCKEWITZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 17-L-36 |
| | ) | |
| HILL BROTHERS TRANSPORTATION, INC., | ) | Honorable |
| | ) | Christopher W. Matoush, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed plaintiff's complaint.

¶ 2    Plaintiff, Paul Bockewitz, appeals *pro se* the dismissal of his complaint for defamation against defendant, Hill Brothers Transportation, Inc. The judgment of the circuit court is affirmed.

¶ 3                           BACKGROUND

¶ 4    On December 14, 2017, plaintiff filed *pro se* a complaint in the circuit court of Christian County alleging that he was a victim of "defamation of character, fraud, and religious discrimination" in that "on or before 12-16-2016 [he] was blackballed by"

1

defendant. Defendant filed a special and limited appearance to object to jurisdiction, which included a motion to dismiss for lack of personal jurisdiction pursuant to section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2016)). According to the motion and accompanying affidavit, the allegations set forth in the complaint were as follows: plaintiff was hired at defendant's offices in Omaha, Nebraska; plaintiff's employment was terminated at one of defendant's offices in Omaha, Nebraska; plaintiff represented that his residence for five years was in Phoenix, Arizona; plaintiff's commercial driver's license was issued by the State of Arizona; and at no time did plaintiff give any indication that he was a resident of Illinois. Plaintiff responded to defendant's motion with a blanket denial.

¶ 5    On May 7, 2018, a hearing on the motion to dismiss was held. At the conclusion, the circuit court made the following findings: "Plaintiff does not meet burden to establish jurisdiction. Plaintiff's argument that jurisdiction is in Illinois because he now lives in Illinois is contrary to law. Defendant's corporate office is in Omaha, Nebraska. All allegations of tort action occurred in Nebraska, while [plaintiff] resided in Arizona. Employment contract occurred in Nebraska." In its written order on May 9, 2018, the circuit court found that it did "not have jurisdiction in this matter" and dismissed the cause with prejudice.

¶ 6                                    ANALYSIS

¶ 7    On appeal, plaintiff argues that the circuit court erred in dismissing his complaint for lack of jurisdiction because "the attorney for defendant manipulate[d] me [and] the court in this case," and he requests a "hearing of the facts of the case."

2

¶ 8 Illinois Supreme Court Rule 341(h) requires appellant's brief to contain, *inter alia*, a statement of facts which "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal in the format as set forth in the Standards and Requirements for Electronic Filing the Record on Appeal," and an argument section that "shall contain the contentions *** and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (h)(7) (eff. Nov. 1, 2017). Here, plaintiff's statement of facts consists of a single sentence, "I didn't get a fair trial in this case," and his argument section, which cites no legal authorities, solely states, "I am requesting a fair trial in this case." Despite the gross deficiencies in plaintiff's brief, we will address the merits of the appeal because the record is simple, and the issue of personal jurisdiction is dispositive.

¶ 9 Jurisdiction consists of two elements: subject matter jurisdiction and personal jurisdiction. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). Subject matter jurisdiction is the court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *Id.* at 415 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)). "Personal jurisdiction is the court's power 'to bring a person into its adjudicative process.' " *Id.* (quoting Black's Law Dictionary 870 (8th ed. 2004)). At issue in this appeal is whether the circuit court had personal jurisdiction over defendant.

¶ 10 When seeking jurisdiction over a nonresident defendant, a plaintiff bears the burden of establishing a *prima facie* case for jurisdiction. *Keller v. Henderson*, 359 Ill. App. 3d

3

605, 610-11 (2005). Traditionally, this involved determining whether jurisdiction was proper under the long-arm statute (735 ILCS 5/2-209 (West 2016)) and whether the exercise of personal jurisdiction comported with due process. *Keller*, 359 Ill. App. 3d at 611. However, in 1989, the legislature amended the long-arm statute to add a catchall provision that allowed Illinois courts to "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2016). Thus, the long-arm statute is coextensive with the due process requirements of the Illinois and United States Constitutions. *Keller*, 359 Ill. App. 3d at 612. "If both the federal and Illinois due process requirements for personal jurisdiction have been met, the Illinois long-arm statute is satisfied and no other inquiry is required." (Internal quotation marks omitted.) *Graver v. Pinecrest Volunteer Fire Department*, 2014 IL App (1st) 123006, ¶ 13. Generally, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns. *Madison Miracle Productions LLC v. MGM Distribution Co.*, 2012 IL App (1st) 112334, ¶ 44.

¶ 11    "Federal due process analysis requires a three-prong analysis consisting of whether (1) the nonresident defendant had 'minimum contacts' with the forum state such that there was 'fair warning' that the nonresident defendant may be haled into court there; (2) the action arose out of or related to the defendant's contacts with the forum state; and (3) it is reasonable to require the defendant to litigate in the forum state." *Keller*, 359 Ill. App. 3d at 613. The "minimum contacts" requirement for personal jurisdiction is different depending on whether general or specific personal jurisdiction is sought. *Id.* "If a court has

4

general jurisdiction over a defendant, the defendant may only be sued where the defendant has continuous and systematic general business contacts with the forum state." *Graver*, 2014 IL App (1st) 123006, ¶ 15 (citing *Keller*, 359 Ill. App. 3d at 613). In contrast, "[i]f a court has specific jurisdiction over a defendant, suit may be brought only if the suit arises out of or relates to the defendant's contacts with the forum state." *Keller*, 359 Ill. App. 3d at 613.

¶ 12    In the present case, plaintiff's complaint contained no allegation that, if proven, would establish that defendant had any contact with Illinois or that the action arose out of or was related to any contact with Illinois. Plaintiff responded to defendant's objection to jurisdiction/motion to dismiss with a blanket denial. Although a hearing was held on defendant's objection/motion, plaintiff has failed to include in the record a report of proceedings, a bystander's report, or an agreed statement of facts, in contravention of Illinois Supreme Court Rules 321 (eff. Feb. 1, 1994) and 323 (eff. July 1, 2017). The appellant has the burden of providing a sufficiently complete record on appeal and, in the absence of a sufficiently complete record, the circuit court's judgment is presumed to be in conformity with the law and to have a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Because plaintiff failed to provide a report of proceedings, a bystander's report, or an agreed statement of facts from the hearing, we must presume that the circuit court's determination that it lacked personal jurisdiction over the defendant was supported by the facts and that it conformed to the law.

¶ 13                              CONCLUSION

¶ 14    For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.


¶ 15    Affirmed.